Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 4/25/2018

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:

| | |
|---|---|
| **MARY PATRICIA SPANN** | **Case No. 3:17-bk-04359** |
| | **Chapter 13** |
| **Debtor.** | **Judge: RANDAL S MASHBURN** |

---

### AGREED ORDER TO HOLD FUNDS SET ASIDE FOR
### SHELLPOINT MORTGAGE SERVICING

---

By agreement of Debtor and the Chapter 13 Trustee, it is agreed that until the matter is resolved in regards to the Court's Claim #1 filed on behalf of Shellpoint Mortgage Servicing ("Creditor") as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1, the Trustee shall hold all funds calculated for said creditor for a period of 180 days. It is so agreed for the following reasons:

1. Debtor filed the petition for Chapter 13 Bankruptcy on June 26, 2017; and said petition listed Creditor as secured on Debtor's home and residence.

2. An *Order Granting Trustee's Motion to Disallow Claim* of Creditor, Court's Claim #1 was entered on March 20, 2018 [Court Dkt No 66].

3. Debtor intends to file an adversary proceeding against Creditor to determine the status of the lien held by said creditor.

4. Until this matter is resolved, it is in the best interest of all parties that the Trustee continues to calculate and hold all funds calculated for Creditor for a period of 180 days.

Therefore, IT IS HEREBY ORDERED that the Trustee shall continue to calculate for distribution purposes the previously disallowed long-term and arrearage claims of Shellpoint Mortgage Servicing as if the claim had not been disallowed, but will not disburse such calculated funds to the creditor whose claim

has been disallowed or to any creditor with a distribution level junior to the disallowed claim for 180 days from the entry of this order pending further orders of the court.

It is further ORDERED, if neither an adversary proceeding seeking the voidance of the disallowed creditor's lien nor a motion to reconsider the disallowance of the claim is filed within 30 days of the entry of this agreed order, the Trustee is authorized to cease withholding funds for the disallowed claim.

IS SO ORDERED.

This order was signed and entered electronically as indicated at the top of the first page.

APPROVED FOR ENTRY:

*/s/Jennifer L. Johnson*
Jennifer L. Johnson (TN BPR #030779)
Long, Burnett & Johnson, PLLC
302 42nd Avenue North
Nashville, TN 37209
T: 615-386-0075
F: 615-864-8419
jjohnson@tennessee-bankruptcy.com

*Attorney for Debtor*

# /s/ Henry E. Hildebrand, III

Henry E. Hildebrand, III
Chapter 13 Trustee
PO Box 340019
Nashville, TN 37203
T: (615) 244-1101
F: (615) 242-6593
aoecf@ch13nsh.com

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, o=Chapter 13 Trustee's Office, ou=Finance (51),
email=pleadings@ch13nsh.com, c=US
Date: 2018.04.24 11:20:00 -05'00'

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.